**Kenneth CURRIER, Appellant,**

v.

**POSTMASTER GENERAL, Appellee.**

No. 01–5248.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 5, 2002.

Decided Oct. 4, 2002.

Joel P. Bennett argued the cause and filed the briefs for appellant.

Marina Utgoff Braswell, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Roscoe C. Howard, Jr., U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: GINSBURG, Chief Judge; SENTELLE and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

This is an appeal from the order of the district court dismissing Kenneth Currier's claim alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Although the district court framed the order as if it were granted under FED.R.CIV.P. 12(b)(6), the court considered and relied on material outside the amended complaint. This converted the order into one of summary judgment under FED.R.CIV.P. 56, which the Postal Service had sought in the alternative. "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." FED. R.CIV.P. 12(b).

Plaintiffs in employment discrimination cases, like plaintiffs in other cases, bear the burden of proof at trial. At the summary judgment stage, Currier had to show only that there was a genuine issue of material fact and that the Postal Service was therefore not entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The issue before us deals with Currier's reassignment when the Postal Service implemented a reduction in force—or RIF—in 1995, an act of discrimination by his lights. There is no dispute that Currier retained the same pay and benefits after the 1995 RIF as he had before it. Even so, he could make out an actionable injury if there were "materially adverse consequences affecting the terms, conditions, or privileges" of his employment that a reasonable finder of fact could conclude caused him "objectively tangible harm." *Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999). This calls for a comparative judgment: what was the situation immediately before the alleged adverse personnel action, and what was the situation after it? Currier claimed that he was reassigned to a "materially lower position with materially lower duties." But by his own admission, the job he held immediately before the 1995 RIF was a "do nothing position."[1] After the RIF he became a manager for legislative support in government relations. He had general budget duties for an office and

---

1. The following exchange in Currier's deposition describes his job before the RIF:

   Q So you stayed at Merrifield. What were your duties at Merrifield?
   A None.
   Q None?
   A [sic] Did you work while you were out there?
   A No.
   Q What did you do all day?
   A Occupied an office.
   Currier Dep. at 40 (July 22, 1999).

supervised up to a dozen workers. He thus went from a position before the RIF with no duties to a position after the RIF with some duties. No material facts were thus in dispute on the determinative issue: as a matter of law, Currier did not experience any adverse personnel action, an essential element of his cause of action. *Brown*, 199 F.3d at 455.

Currier would like us to contrast his post-RIF assignment with a position he held from 1982 until November 1992. But that is the wrong comparison. The proper inquiry is to determine how the alleged discriminatory action, which occurred in 1995, affected his employment status in 1995. Currier's job changed in 1992, but he does not allege the change resulted from unlawful discrimination. It would be senseless to say, for instance, that an employee's promotion from shop clerk to assistant supervisor in the year 2000 was an *adverse* employment action because the employee years ago held the position of supervisor. To state the obvious, the employee must be worse off after the personnel action than before it; otherwise, he has suffered no objectively tangible harm.

*Affirmed.*